**HOUSTON v AVERY et**

Ohio Appeals, 9th Dist, Summit Co

No 2360. Decided March 25, 1935

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

Weick, Powers & Mason, Akron, and H. W. Schwab, Akron, for defendant in error Ina S. Avery.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error and cross-petitioner in error Christian A. Strobel.

## OPINION

By FUNK, P.J.

Counsel for each defendant claim, first, that there is no evidence that a conspiracy existed between the defendants in the transaction with plaintiff, and second, that, so far as their respective clients are concerned, the verdict is against the overwhelming weight of the evidence.

The claim of counsel for defendants that there is no evidence of a conspiracy be-

tween defendants, seems to be based largely upon the idea that there is no evidence showing that they had met together concerning this deal prior to the time of the closing of the deal in the office of said Strobel and that consequently there could not have been any such agreement between defendants.

Counsel for defendants also place much stress upon the fact that the contract contained the following clause:

"The parties hereto agree to pay the regular Akron Real Estate Board rate of commission on the property they are respectively transferring."

to show that plaintiff knew that said Strobel was also acting as agent for said Houston, and that no misrepresentation was made in that respect.

Counsel for plaintiff point out that there is nothing in this clause to show that said Strobel was acting as agent for Houston or that Strobel was to get the commission paid by Houston or to show that Houston had placed this and other property with said Strobel's agent for sale.

In this connection it may be observed that, while plaintiff, and her husband, who was assisting her in the deal, admitted that they had read the contract at the time it was signed, they also testified that they did not know or understand that Strobel was also acting as agent for Houston. This evidence, together with the fact that there is no claim that any disclosure was made to plaintiff or her husband that said Strobel was also acting as agent for Houston other than said clause in said contract, we think would warrant the jury in finding that plaintiff probably did not know that said Strobel was also acting as agent for said Houston, if the jury believed the testimony of plaintiff and her husband; and considering all that is shown by the record, we surely cannot find that the jury was not justified in believing such testimony.

Concerning conspiracy the court charged the jury as follows, as shown on page 358 of the record:

"In order that a conspiracy may be shown it must appear from the preponderance of the evidence that there was an agreement between the defendants to induce the plaintiff to make the exchange by false and fraudulent representations and concealments, as claimed by the plaintiff. Such an agreement need not be expressed in any particular words or form. It is sufficient if there was such an agreement between the defendants, and that in pursuance of the agreement the defendants perpetrated the frauds claimed by the plaintiff, and that the plaintiff was damaged thereby.

"In case you find there was such a conspiracy, or agreement, between the defendants, then each is liable to the plaintiff for his own acts and for the acts of the other in carrying out the purposes of the conspiracy, and both are liable to the plaintiff for the damage directly caused thereby."

Following this instruction the court further told the jury:

"Fraud is a false representation of a material fact, or nondisclosure of a material fact under such circumstances that it amounts to a false representation, made with knowledge of its falsity or in reckless disregard of whether it is true or false, with the intention that it shall be acted upon by him to his injury. In order that it may constitute fraud the false representation must deceive."

On page 360 of the record, the court further instructed the jury as follows:

"I say to you that the word 'conspiracy,' together with its context, as used by the plaintiff in her petition and this trial, charges the defendants with combining and confederating together to defraud the plaintiff out of a substantial interest in her North Main Street lot by procuring from her a transfer of the same for an insufficient consideration.

"Taking all of these considerations into account, if you then find by a preponderance of the evidence that the defendants conspired together to defraud the plaintiff by inducing her to make the exchange of properties which she made, and that in pursuance of such conspiracy the defendants made the fraudulent representations or concealments claimed by the plaintiff, and that the plaintiff relied upon such representations to make the exchange, and that the plaintiff was damaged thereby, then in that situation your verdict must be for the plaintiff and against both of the defendants."

There is no complaint concerning the above instruction; in fact, there is no complaint concerning the charge in the briefs nor was there any such complaint in oral argument.

Counsel for Houston in their brief define "conspiracy to defraud" by quoting from 12 C. J., "Conspiracy," §28, p. 557, as follows:

"A 'conspiracy to defraud' on the part of two or more persons means a common purpose supported by a concerted action to defraud, that each has the intent to do it, that it is common to each of them, and that each understands that the other has that purpose."

Said counsel then say in their brief:

"It is true there need be no direct evidence of an actual written or oral agreement between conspirators. Such agreement may be assumed from facts and circumstances which indicate its existence; but there must have been an agreement between them which amounts to a conspiracy."

In order to snow such a conspiracy, the rule recognized by courts generally is that it is not necessary to prove an express agreement among the parties, or that the parties met at any time and entered into any explicit or formal agreement, either written or oral, and that it is sufficient that the parties in any manner come to a mutual understanding that they will accomplish the unlawful design; that the essential element of the charge of conspiracy is the common design, and that an affirmative fraudulent representation need not be shown, but that a concealment of the true nature of the transaction is sufficient to show fraud.

Counsel for defendants, of course, recognize the definitely established rule that this court cannot set up its judgment as against that of the jury, and that a reviewing court will not reverse the judgment as being against the weight of the evidence unless it appears from the record that the judgment is so clearly unsupported by the evidence as to indicate misapprehension, mistake, bias or prejudice, or wilful disregard of duty on the part of the jury, and they argue that the evidence in this case does so show.

The question of whether there was a conspiracy between the defendants to defraud plaintiff, rests, of course, entirely upon the representations made to plaintiff, and her husband as her agent, by said defendants themselves and through said Deuber as agent for said Strobel, and upon what took place between the defendants themselves or between Deuber as agent for Strobel and Houston, prior to the actual closing of the deal, concerning the value of said Houston's Merriman Road property and its rental income, the Alexander property and the encumbrances thereon, and on which was said second mortgage securing said $4,000 note, and also concerning the value and collectability of said second mortgage note, not only because of the represented value of said Alexander property and its rental income, but also because of the represented financial responsibility of · said Alexander and said Houston, and concerning the advantages that plaintiff would gain in closing the deal by reason of these represented valuations and the represented responsibility and reliability of said Alexander and Houston, and the representation that said Houston would stand back of said $4,000 note and see that plaintiff had no loss on it.

In that regard there is much direct conflict in the testimony as to what was said by Mr. Deuber to plaintiff and her husband concerning all of those matters at the time of and before the signing of the contract on April 4, 1931.

. There is also much direct conflict in the testimony as to what was said by plaintiff and the two defendants and Deuber on the day the deal was consummated in the office of Mr. Strobel concerning all of those matters. There is also a wide difference in the valuation placed on the plaintiff's property, Houston's Merriman Road property, and the Alexander property, by the witnesses on behalf of the respective parties at the trial.

The parties to this action and those instrumental in obtaining said contract and the closing of the deal are all said to be good people. We do not deem it necessary to go into a review and analysis of all the evidence, as our point of view may be so different from that of defendants that any summary of the evidence that we could make to sustain our conclusions would appear to them to be harsh. We therefore only say that, considering the evidence in this case in the light of the charge and the recognized rules of law concerning conspiracy, and the great conflict there is in the testimony of the witnesses for the respective parties as to what was said by defendants and said Deuber concerning the properties involved, and the financial responsibility of said Alexander and said Houston, we cannot say that the verdict is manifestly against the weight of the evidence, as there is evidence to the effect that the defendants, by themselves or agents, each doing his own part, acted together in procuring said contract and closing the deal, and that the part each acted contributed to effect the common purpose, to-wit, the procuring and closing of said contract; and

if the jury believed the evidence on behalf of plaintiff concerning what plaintiff claims was said to her and her husband, by defendants or their agents, regarding the value of the respective properties involved, the mortgages on the Alexander property and the $4,000 note secured by second mortgage thereon, and the financial responsibility of said Alexander and said Houston in reference to assuring the payment of said $4,000 second mortgage, it seems to us that there is evidence sufficient to sustain the verdict.

Second, it is claimed that the court erred in admitting testimony of plaintiff as to a conversation between plaintiff and her husband with said Strobel in the absence of Houston, and with said Houston in the absence of Strobel, after the deal had been closed, although the court the next morning, and while plaintiff was still on the witness stand, withdrew said testimony from the consideration of the jury and instructed them to "totally and wholly disregard" that testimony.

Considering what the court said to the jury on that subject, in connection with the record as a whole, we are of the opinion that there was no reversible error in that particular.

Finding no reversible error in the record, the judgment is affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.